1834.

⌣⌣

TRADES-
MENS'
BANK.
v.
HYATT.

The President, Directors and Company of the TRADESMENS'
Bank v. Hyatt.

---

A defendant must answer to knowledge and information: knowledge alone will not be
sufficient.

---

This case came before the court on exceptions to a master's report allowing exceptions to an answer for insufficiency.

There was only one point of moment, namely, whether a defendant answering as to knowledge, without adding his information, was sufficient.

*April* 14.
1834.

⌣⌣

*Pleading.*
*Answer.*
*Exceptions.*

Mr. *Peter A. Cowdry* for the complainants.

Mr. *Isaac O. Barker* for the defendant.

THE VICE-CHANCELLOR :—The defendant is called upon to answer according to the best of his knowledge, remembrance, information and belief. The rules of equity pleading admit of this ; and the defendant is bound thus to answer. He undertakes to excuse himself by saying, he has no knowledge whatever, except what is derived from the allegations in the bill. This is not enough. He may still have information, aside from personal knowledge or knowledge derived merely from the bill ; and if he has got information from other sources, he may have formed a belief one way or the other concerning its truth. If a defendant says he has " no knowledge or information whatever, except what is derived from the bill"—or if he should say, which would be tantamount to it, " that he is utterly and entirely ignorant, except from the information of the bill," he may then be excused from expressing any opinion or belief about the fact; and the answer, in such form, would be considered

sufficient. These are clearly established principles of pleading; and they ought to be familiar to every chancery pleader: *Morris* v. *Parker*, 3. J. C. R. 297.; *Smith* v. *Lasher*, 5. Ib. 247.; *Utica Insurance Co.* v. *Lynch*, 3. Paige's C. R. 210. When we apply these rules to the answer of the defendant in the present case, together with the principles embraced in *Sloan* v. *Little*, 3. Paige's C. R. 103. (and which bear more directly upon the matters contained in the fifth exception to the master's report) I am perfectly satisfied the master has decided correctly in allowing all these exceptions to the answer.

Order accordingly, overruling the exceptions to the master's report, with costs.